UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY ROCKWELL, | ) | 5:06CV0391 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| STEWART HUDSON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM AND |
| | ) | ORDER |

McHARGH, MAG. J.

The petitioner Gary Rockwell ("Rockwell") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2003 felony convictions for aggravated murder and other charges, in the Stark County, Ohio, Court of Common Pleas. (Doc. 1.) Rockwell has filed a motion for the appointment of counsel . (Doc. 4.)

There is no constitutional or statutory right to counsel in habeas proceedings, except for those prisoners under a capital sentence. Morris v. Dormire, 217 F.3d 556, 558 (8th Cir.), cert. denied, 531 U.S. 984 (2000) (citing 28 U.S.C. § 2261). See also Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003) (citing McCleskey v. Zant, 499 U.S. 467, 495 (1987)); McKethan v. Mantello, 292 F.3d 119, 123 (2d Cir. 2002); Sellers v. United States, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004).

1

The decision whether to appoint counsel is left to the sound discretion of the district court. Bookstore v. Addison, No. 02-6014, 2002 WL 31538688, at *2 (10th Cir. Nov. 6, 2002); Morris, 217 F.3d at 558-559. Federal courts have not developed a uniform approach to motions for appointment of counsel.

The Tenth Circuit, in Bookstore v. Addison, affirmed the district court's decision not to appoint counsel for a habeas petitioner where his claims were "relatively straightforward and the law governing them is settled." Bookstore, 2002 WL 31538688, at *2. In McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a district court when it evaluates whether a petitioner needs court appointed counsel. These include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." In Sellers, the district court stated that the court should consider "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." Sellers, 316 F.Supp.2d at 522.

Rockwell has not established that his petition presents issues that are particularly complex factually or legally. The motion for appointment of counsel (doc. 4) is denied.

IT IS SO ORDERED.

Dated: June 1, 2006           /s/ Kenneth S. McHargh
                              Kenneth S. McHargh
                              United States Magistrate Judge