UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY ROCKWELL, | ) | 5:06CV0391 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| STEWART HUDSON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Gary Rockwell ("Rockwell") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2003 felony convictions for attempted aggravated murder and other charges, in the Stark County, Ohio, Court of Common Pleas. (Doc. 1.)

The sole ground of the petition is that [Rockwell]'s right to Due Process and Equal Protection of law were violated by improper sentencing by the trial court." Rockwell asserts that '[t]he trial court did not make the required findings before imposing consecutive sentences/ non-minimum sentences on the petitioner." (Doc. 1, at § 12.A.)

The respondent has filed a motion to dismiss, arguing that this claim is not cognizable in a federal habeas corpus proceeding. (Doc. 12, at 6.)

1

I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On September 30, 2003, appellant spread accelerant over the first floor of a residence and set the same on fire. At the time, appellant's estranged wife, her boyfriend, and three children [FN1] were sleeping in the house. The fire was discovered and extinguished before any one was injured.

FN1. Two of the children were appellant's.

Subsequently, on November 6, 2003, the Stark County Grand Jury indicted appellant on five counts of attempted aggravated murder in violation of R.C. 2923.02(A), felonies of the first degree, one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of aggravated arson in violation of R.C. 2909.02(A)(1), also a felony of the first degree. At his arraignment on November 14, 2003, appellant entered a plea of not guilty to the charges contained in the indictment.

Thereafter, on December 10, 2003, appellant withdrew his former not guilty plea and pled guilty to all of the charges contained in the indictment. At the December 10, 2003, hearing, the trial court stated on the record, in relevant part, as follows:

"THE COURT: Having said all this, I want you to understand what has been brought to my attention and approved and what I would do is between the Prosecutor's office and your attorney and discussions with you, you understand that you're going to receive a prison sentence that's going to total here 20 years? You understand that?

"DEFENDANT ROCKWELL: Yes I do.

"THE COURT: And, again, from all the ranges of sentences that you could get here if you were going to go to trial, you could get a sentence that could be less, could get a sentence that could be much more depending on how the Court would determine and depending on what you were found guilty of. Do you understand?

"DEFENDANT ROCKWELL: Yes, I do.

> "THE COURT: It says in essence, this is an agreed upon sentence. In return for your plea of guilty, the State has recommended the sentence, the Court has approved it. Do you understand it is a 20 year sentence?
>
> "DEFENDANT ROCKWELL: Yes I do."
>
> Transcript of December 10, 2003, hearing at 12-13.
>
> As memorialized in a Judgment Entry filed on December 15, 2003, appellant was sentenced to an aggregate term of twenty years in prison.

(Doc. 12, Respondent's Exhibit (RX) M, at 2-3; State v. Rockwell, No. 2004CA00193, 2005 WL 2401861, at *1 (Ohio Ct. App. Sept. 26, 2005)).

Rockwell failed to file a timely appeal, but was granted leave to file a delayed appeal. The court of appeals appointed counsel to represent him. (Doc. 12, RX E, F, G.)

Rockwell filed a pro se brief raising the following assignments of error:

> 1. Appellant was deprived of his Sixth Amendment right to trial by jury where his sentence exceeded the maximum permitted by statute in the absence of additional fact finding beyond that inherent in the guilty plea, and where the fact findings were not made by a jury and Appellant was not advised that he had the right to have the additional fact-finding made by a jury.
>
> 2. The trial court erred and abused its discretion in imposing court costs against appellant who was adjudged indigent prior to sentencing, and then issuing a garnishment order, in violation of the Appellant's right to due process of law, as well as in violation of Ohio law.

(Doc. 12, RX I.) Appointed counsel filed a supplemental brief, raising the following assignments of error:

3

> 1. The trial court erred in sentencing the appellant to a term greater than the minimum.
>
> 2. The trial court erred in basing its sentence of a prison term for a first degree felony on facts that were not stipulated.
>
> 3. The trial court erred in sentencing the appellant to consecutive prison terms.

(Doc. 12, RX K.)

On Sept. 26, 2005, the appellate court affirmed the sentence, finding that "appellant was sentenced to the twenty year sentence that was recommended jointly by the defense and the prosecution."  (Doc. 12, RX M, at 5; Rockwell, 2005 WL 2401861, at *2.)  Because "the trial court imposed the agreed upon sentence and . . . the sentence did not exceed the maximum sentence," the court found there was no need to make the findings" otherwise required under Ohio Rev. Code § 2929.14.  Id.  The court upheld the sentence, finding that Rockwell was sentenced in accordance with a jointly recommended sentence that was authorized by state law.  (RX M, at 6; Rockwell, 2005 WL 2401861, at *3.)

The court of appeals rejected an application of Blakely v. Washington, 542 U.S. 296 (2004), because the trial court "did not sentence appellant to any term beyond the statutory maximum and, therefore, Blakely does not apply."  Id.

Again, Rockwell failed to file a timely appeal to the Ohio Supreme Court, but filed a motion for leave to file a delayed appeal on Nov. 21, 2005.  (Doc. 12, RX N-O.)  On Jan. 25, 2006, the court denied his motion for leave.  (Doc. 12, RX P; State v. Rockwell, 108 Ohio St.3d 1410, 841 N.E.2d 316 (2006).)

## II.  SENTENCING VIOLATION

The sole ground of the petition is that [Rockwell]'s right to Due Process and Equal Protection of law were violated by improper sentencing by the trial court." (Doc. 1, at § 12.A.)   Morgan cites the following supporting facts:  "The trial court did not make the required findings before imposing consecutive sentences/ non-minimum sentences on the petitioner."  Id.

Essentially, Rockwell had argued on appeal that the trial court misapplied Ohio Rev. Code § 2929.14 in sentencing him to a greater term than the statutory minimum.  See, e.g., RX K, at 3.  Similarly, the court allegedly erred in sentencing him to consecutive sentences in violation of Ohio Rev. Code § 2929.14(E)(4).  Id. at 8-9.  Rockwell also had raised Sixth Amendment issues.  Id. at 5-7; RX I.

The respondent argues that the sentencing claim is not cognizable in a federal habeas corpus proceeding.  (Doc. 12, at 6-8.)  In addition, it is argued that the claim has been procedurally defaulted.  Id. at 8-14.

### A.  Procedural default

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair

opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).

The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review.[1] Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam), cert. denied, 543 U.S. 989 (2004); Scurlock v. Hurley, No. 2:04-CV-687, 2005 WL 1189831, at *4 (S.D. Ohio May 19, 2005); Smith v. Ohio, Dept. of Rehab. and Corr., 331 F.Supp.2d 605, 619 (N.D. Ohio 2004), aff'd, 463 F.3d 426 (6th Cir. 2006). Such a procedural default is "an adequate and independent ground on which the state can rely to foreclose review of his federal constitutional claims." Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

When a petitioner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Bonilla, 370 F.3d at 497; Buell, 274 F.3d at 348. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded counsel's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Rockwell has not shown cause, nor has he shown that a failure to consider the

---

[1]The respondent also raises Ohio Rev. Code § 2953.08(D), which prohibits appellate review of a jointly recommended sentence, as a procedural bar. (Doc. 12, at 11-12.) However, no federal case law is provided in support of that specific theory.

7

claims would result in a "fundamental miscarriage of justice." Id. at 750. Therefore, the claim has been procedurally defaulted.

### B. Improper sentencing under state law

In any event, even if he had properly exhausted the claim in the state courts, habeas relief would not be not available on the grounds he raises. Rockwell argues that the trial court's "improper sentencing" of him, pursuant to the plea and sentencing agreement, violated his due process and equal protection rights. Specifically, although Rockwell does not challenge the plea and sentencing agreement per se, he argues that the trial court did not make the "required findings" before imposing consecutive sentences, beyond the minimum, on him.

The U.S. Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid. DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 544 U.S. 921 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)). Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)). See generally Mabry v. Johnson, 467

U.S. 504, 508 (1984) (voluntary, intelligent guilty plea may not be collaterally attacked). The trial court found that Rockwell's plea was entered "knowingly, voluntarily and intelligently" (doc. 13, at 17), and he does not challenge the validity of the plea on that basis.

Under Ohio law, a sentence imposed by the trial court which is authorized by law and recommended jointly by the defense and prosecution is not subject to appellate review. State v. Mathis, 109 Ohio St.3d 54, 59, 846 N.E.2d 1, 6 (2006); State v. Porterfield, 106 Ohio St.3d 5, 829 N.E.2d 690, 691 (2005) (syllabus); Ohio Rev. Code § 2953.08(D). See also Cornell v. Jeffries, No. 2:05-CV-948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (petitioner waived right to appeal sentence by agreeing to jointly recommended sentence). "A jointly recommended sentence is 'authorized by law' if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose." State v. McMillen, No. 01CA564, 2002 WL 1370655, at *2 (Ohio Ct. App. June 13, 2002) (citing cases). Furthermore, Ohio courts "have held that an appellant waives any arguments under Apprendi [v. New Jersey, 530 U.S. 466 (2000)], Blakely, and their progeny through a jointly recommended sentencing agreement." State v. Harris, No. S-05-014, 2006 WL 751378, at *3 (Ohio Ct. App. Mar. 24, 2006) (citing cases).

Rockwell contends that the trial court did not make statutory "required findings" before imposing sentence on him. A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. Howard v. White, No. 03-1042, 2003 WL 22146139, at

9

*2 (6th Cir. Sept. 16, 2003); <u>Kipen v. Renico</u>, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003). Federal habeas relief is not available for a claimed error of state law. <u>Lewis</u>, 497 U.S. at 780; <u>Howard</u>, 2003 WL 22146139, at *2.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. <u>Williams</u>, 529 U.S. at 412-413; <u>Lewis</u>, 497 U.S. at 780; <u>Mask v. McGinnis</u>, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam). Rockwell has not established that the state court decision regarding his sentencing, as a result of the plea bargain, was contrary to, or involved an unreasonable application of, clearly established federal law.

### C.  Possible Sixth Amendment issues

On appeal, Rockwell had also raised Sixth Amendment issues. (Doc. 12, RX K at 5-7; RX I.) It is unclear from the habeas petition, which simply alleges due process and equal protection violations, whether he intends to raise these claims in this court. Although petitioner is proceeding pro se, this court "is not required to fabricate allegations which are not plead." <u>Ayres v. John Does 1-10</u>, No. C-1-94-285, 1995 WL 313681, at *1 (S.D. Ohio Feb. 28, 1995). See also <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979); <u>Abdool-Rashaad v. Seiter</u>, 690 F.Supp. 598, 599 (S.D. Ohio 1987). Although Rockwell's contention that the trial court did not make required findings would apparently constitute an allegation of a violation of state law, the court will consider the Sixth Amendment issue.

The Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004), clarified its recent Sixth Amendment decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Apprendi Court had ruled that:  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Blakely, 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490).

In Blakely, the defendant entered a guilty plea, and, pursuant to the plea agreement, the state recommended a sentence within the standard range of 49 to 53 months.  Blakely, 542 U.S. at 300.  However, "the judge rejected the State's recommendation and imposed an exceptional sentence of 90 months."  Id.  The Supreme Court noted that the defendant was sentenced to more than three years above the 53-month statutory maximum because of the trial court's determination that he had acted with "deliberate cruelty."  Id. at 303.  As Blakely points out, "[t]he facts supporting that finding were neither admitted by [the defendant] nor found by a jury."  Id.  The Court found a Sixth Amendment violation because the judge had imposed sentence based upon a judicial finding of some additional fact.  Id. at 305.

In contrast, the trial court in this case did not base the sentence on factual findings, but rather accepted and imposed the jointly recommended sentence which was presented by the parties.  (Doc. 12, RX M, at 2-3; Rockwell, 2005 WL 2401861, at *1; doc. 13, hearing tr., at 12-13.)  See State v. Jones, No. 06AP-354, 2006 WL 3703859, at *3 (Ohio Ct. App. Dec. 14, 2006) (given joint sentencing recommendation, no findings statutorily required, thus Apprendi and Blakely

11

inapplicable); State v. Jackson, No. 86506, 2006 WL 1705133, at *9 (Ohio Ct. App. June 22, 2006) (as result of plea agreement, no findings required, thus Blakely inapplicable).  The state court of appeals affirmed on this basis, finding that Rockwell was sentenced pursuant to a jointly recommended sentence.  (RX M, at 6; Rockwell, 2005 WL 2401861, at *3.)  Further, the appellate court found that:  "The trial court . . . did not sentence appellant to any term beyond the statutory maximum and, therefore, Blakely does not apply."  Id.

The state court decision is not contrary to Apprendi or Blakely.  Rockwell has not established that the state court decision regarding his sentencing was contrary to, or involved an unreasonable application of, clearly established federal law.

### III.  SUMMARY

Rockwell's petition for a writ of habeas corpus should be dismissed because his only claim was procedurally defaulted.  Even if his claim were to be considered on the merits, Rockwell has not established that the state court decision regarding his sentencing, as a result of the plea bargain, was contrary to, or involved an unreasonable application of, clearly established federal law.

## RECOMMENDATION

It is recommended that the petition be dismissed.

Dated:   Jan. 25, 2007                              /s/ Kenneth S. McHargh
                                                    Kenneth S. McHargh
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).